**Cookish v. Hillsborough County  CV-95-229-B          12/20/95**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Dennis Cookish</u>

     v.                                    Civil No. 95-229-B

<u>Hillsborough County, et al.</u>


**O R D E R**


     Dennis Cookish seeks equitable relief and damages for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  He bases his claim on the contention that he has been forcibly exposed to unsafe levels of environmental tobacco smoke ("ETS") at the Hillsborough County Jail.  Defendants contend that the plaintiff litigated and lost identical claims in state court.  Accordingly, they base their motion for summary judgment on the doctrines of res judicata and collateral estoppel.

     The suit which forms the basis for defendants' claims was filed in the Hillsborough County Superior Court in 1994 under the alias Bruce Maddox.  The defendants in that action moved to dismiss the complaint for failure to state a claim and the court

granted the motion because Cookish did not file an objection to the motion.

I reject defendants' collateral estoppel claim because they have not identified any findings of fact that were made in the prior state court action which would estop Cookish from proceeding with the present action. See Demetracopoulos v. Wilson, 138 N.H. 371, 375 (1994) (collateral estoppel applies to issues of fact actually litigated).

Defendants' res judicata argument fares no better. Res judicata applies only where the issues determined in the subsequent action are identical to the issues determined in the prior action. State v. Charpentier, 126 N.H. 56, 59-60 (1985). The party claiming res judicata bears the burden of proving that the issues determined in both actions are identical. Id. Cookish bases his current claim on prolonged exposure to ETS resulting from his current period of incarceration. His prior action was based on exposure to ETS during a brief 12-day period of incarceration on a prior occasion. Defendants based their motion to dismiss the prior action in part on the fact that Cookish suffered no harm because his exposure to ETS was limited to a 12-day period. Thus, I cannot conclude that the issues decided in the prior action are identical to the issues Cookish

2

is currently attempting to litigate.

Defendants' motion for summary judgment (document no. 10) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

December 20, 1995

cc:  Dennis Cookish, pro se
     Carolyn Kirby, Esq.